JONATHAN DWIGHT & others *vs.* THE COUNTY COMMISSION-
ERS OF HAMPDEN.

Under Rev. Sts. *c.* 24, § 48, one tenant in common of land, over which the county commissioners have laid out a highway, may apply for a jury to assess his damages, without the joinder of his co-tenants.

THIS was a petition for a writ of mandamus, in which the petitioners set forth that they, together with Mary Bliss, the wife of George Bliss, were all the heirs at law of Jonathan Dwight, deceased : That the respondents had located a certain road over certain land owned by the petitioners and Mary Bliss, as heirs at law of said Jonathan Dwight, as tenants in common, and had awarded five hundred dollars as damages in gross to the heirs of Jonathan Dwight : That the petitioners by their petition represented to said commissioners, that their lands had been taken by them for said road; that they felt aggrieved at the decision of the commissioners, and at the inadequate damages, and appealed from said decision ; and prayed for a jury to determine the matter of their complaint; which petition was duly presented to the commissioners; and that the commissioners decided, that the prayer of the petition should not be granted, because Mary Bliss had not joined in the petition with the other heirs, the present petitioners. The petitioners therefore prayed this court that a writ of mandamus might issue to said commissioners, commanding them to order and allow the petitioners a jury or juries to hear and act upon the matter of said complaint; that is, to estimate the damages occasioned by locating said road over the petitioners' land.

The commissioners having been notified to show cause why a writ of mandamus should not issue against them, appeared and answered, in substance, that they refused to grant the prayer of the petitioners for a jury, because Mary Bliss, one of the heirs at law, did not join in the petition ; so that all the owners of the land, as tenants in common, did not join in the petition for a jury to estimate the damages.

*W. G. Bates,* for the petitioners.

45 *

*N. T. Leonard,* for the respondents.

FLETCHER, J.    The simple question presented in this case is whether or not these petitioners were legally entitled to have a jury to assess their damages, though one of their co-tenants in common did not join in the petition to the respondents for that purpose.    If the respondents were legally bound to grant the prayer of the petitioners for a jury to estimate the damages, the petitioners are now entitled to a mandamus; otherwise, they are not so entitled.    The decision of this question depends entirely on certain provisions of the revised statutes.

Before the revised statutes, it was decided by this court, that one tenant in common of land, over which the commissioners had laid out a highway, could not apply for a jury, without the joinder of the other co-tenants.  *Merrill* v. *Berkshire,* 11 Pick. 274.    That decision was founded on the well established and familiar principle of law, that tenants in common must join in an action to recover damages for injuries to their common estate.

But there are some new provisions, introduced into the revised statutes, which have changed the law on this subject, and conclusively settle the present question.    The sections from the forty eighth to the fifty third, inclusive, of the twenty fourth chapter of the revised statutes, are new, and were introduced with a view to afford a more complete remedy, than before existed, for all parties, who have several estates or interests at the same time in the same parcel of real estate.  Though this statute may have reference, as its primary object, to cases of estates in dower, and other life estates, with the reversions and remainders in fee ; or to dwelling-houses or stores, with the land appurtenant, let to a number of tenants for different terms of years, on conditions creating different rights and liabilities, and exposing them to different degrees of injury ; still it is equally applicable, both in its terms and according to its true intent and spirit, to cases of estates owned and held by tenants in common.    The provisions of the sections of the statute referred to are designed to enable all parties having several estates or interests to obtain justice, as the

rights and interests of several parties may be adjusted and secured by means of a bill in equity. As one or more of several tenants in common may file a bill in equity to obtain an adjustment between the several co-tenants, of their respective rights and interests, so under the provisions of this act, some out of many tenants in common may apply for a jury to estimate the damages occasioned by taking their land held in common, for a highway, though all the co-tenants do not join in the application. The statute expressly provides for ascertaining and adjusting the damages of all, though only a part join in the petition. Provision is distinctly made that, whenever there shall be several parties having several estates or interests in any land taken for a highway, upon the application of any party interested, in the manner mentioned, the commissioners shall proceed in the manner particularly pointed out and prescribed, and that a jury shall be ordered to ascertain the damages in the premises. It is not necessary particularly to examine the course of proceeding as pointed out in the statute. The provisions are very full and explicit, as to notifying the parties, assessing and apportioning the damages, and as to the effect of the verdict upon those who become, and those who do not become parties. It is sufficient for the present case that the statute expressly provides that, whenever there shall be several parties having several estates or interests, upon the application of any party interested, in the manner mentioned, the commissioners shall proceed in the manner expressly provided, and that a jury shall be ordered. This is conclusive upon the present case. Here all the tenants in common, but one, applied for a jury, and under and by virtue of the provisions of the statute it was clearly the duty of the commissioners to have proceeded in the manner prescribed, and ordered a jury to assess the damages; and they having refused to do so, a mandamus must issue in compliance with the prayer of the petitioners.

The respondents in their answer state, that they refused a jury wholly on the ground that Mary Bliss, one of the tenants in common, did not join in the petition. This decision would have been correct as the law was before the revised statutes,

but was clearly incorrect under the new provisions of these statutes.

The decision in this case in no way conflicts with the decision in the case of *Burrows* v. *Taft*, 11 Met. 263, which was referred to in the argument. That case is distinct from the present; and in that no reference was made either by the counsel or the court to the new provisions of the revised statutes.

A mandamus must issue to the respondents, to summon a jury for the assessment of damages only, all the proceedings in the case to be in accordance with the provisions of the twenty fourth chapter of the revised statutes, sections forty eight to fifty three, inclusive.